IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACK ROUBINEK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:11-CV-3481-D |
| VS. | § | |
| | § | |
| SELECT PORTFOLIO SERVICING, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the posting of plaintiff's property for foreclosure, defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted and under Rule 9(b) for failure to plead fraud with the required specificity. For the reasons that follow, the court grants defendant's motion and allows plaintiff to replead.

I

This is a suit by plaintiff Jack Roubinek ("Roubinek") against defendant Select Portfolio Servicing, Inc. ("SPS"). Roubinek alleges claims for negligence, conversion, slander of title, common law fraud, statutory fraud, negligent misrepresentation, breach of contract, and violation of Tex. Ins. Code Ann. § 549.0551 (West 2009). Roubinek seeks an injunction restraining SPS from foreclosing on his property.

According to Roubinek's state-court petition,[1] Roubinek owns real property in Irving, Texas on which SPS holds the mortgage. While Roubinek was in chapter 13 bankruptcy, he paid more than $41,716.73 toward principal and interest on his mortgage and $6,337.36 in escrow payments. SPS failed to apply at least $30,000 of this amount toward his loan. Roubinek also alleges that, while he was in bankruptcy, he continued to make monthly payments on the property in addition to the payments that he made to the bankruptcy trustee. Specifically, from August 2010 until May 2011, Roubinek made payments of $3,500.00 per month, but these amounts were never credited to his loan. SPS has also failed to apply several post-bankruptcy payments to the loan.

Roubinek has maintained insurance on his residence at all times. SPS's records show that it charged Roubinek for two years of forced placed single interest insurance during a period when Roubinek was already insuring his home. Additionally, SPS required Roubinek to insure his home for an amount prohibited by Tex. Ins. Code Ann. § 549.0551. Roubinek has requested a full accounting and explanation of all payments to the bankruptcy trustee that were applied to the loan, all insurance premiums charged to him, and post bankruptcy amounts paid toward the loan, but SPS has failed to provide an explanation.

SPS posted Roubinek's property for foreclosure in December 2011. Just days before the sale, Roubinek filed this suit in state court seeking a temporary restraining order to

---

[1]In deciding defendant's Rule 12(b)(6) motion, the court construes Roubinek's state-court petition in the light most favorable to him, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in his favor. *See*, *e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

prevent the sale.  SPS removed the case to this court and filed the instant motion to dismiss.

Roubinek filed a lengthy response, attaching several documents and additional information

that he did not include originally with his state-court petition.  Before SPS's reply brief was

due, Roubinek and SPS filed a joint motion to permit Roubinek to file amended complaint

in lieu of ruling on SPS's motion to dismiss, which the court granted.  When Roubinek failed

to amend by the agreed deadline, SPS obtained leave to file a reply brief in support of its

motion to dismiss.  The reply brief has been filed, and the motion to dismiss is now ripe for

decision.

## II

## A

In deciding SPS's Rule 12(b)(6) motion, the court evaluates the sufficiency of

Roubinek's state-court petition by "accept[ing] all well-pleaded facts as true, viewing them

in the light most favorable to the plaintiff."  *In re Katrina Canal Breaches Litig.*, 495 F.3d

191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369

F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).  To survive the motion,

Roubinek must plead enough facts "to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*,

550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 566 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)).  Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions."  *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  And "'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).

B

Rule 9(b) imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud.  *See Benchmark Elecs., Inc. v. J.M. Huber Corp*., 343 F.3d 719, 724 (5th Cir. 2003).  "'At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'"  *Id*. (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc*., 975 F.2d 1134, 1139 (5th Cir. 1992)).  In other words, the claimant must plead the "who, what, when, where, and how" of the fraud.  *Williams v. Bell Helicopter Textron, Inc*., 417 F.3d 450, 453 (5th Cir. 2005) (citations omitted).  Rule 9(b) is not intended, however, "to procure punctilious pleading detail."  *Steiner v. Southmark Corp*., 734 F. Supp. 269, 273 (N.D. Tex. 1990) (Fitzwater, J.).

Rule 9(b) must be "'read in conjunction with [Rule] 8 which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 892 F.2d 1238, 1264 (5th Cir. 1990)) (internal quotation marks omitted). Thus it must be viewed in light of Rule 8(a)'s goal of "simple, concise, and direct" pleadings. *Singh v. Bajwa*, 2008 WL 3850545, at *5 (N.D. Tex. Aug. 19, 2008) (Fitzwater, C.J.) (internal quotation marks and citations omitted). "The court's key concern in assessing a complaint under Rule 9(b) is to determine whether the plaintiff seeks to redress specific wrongs or whether the plaintiff instead seeks the opportunity to search out actionable wrongs." *Garcia v. Boyar & Miller*, P.C., 2007 WL 2428572, at *4 (N.D. Tex. Aug. 28, 2007) (Fitzwater, J.) (internal quotation marks and citations omitted). "The complaint must be sufficiently particular to show that the plaintiff is not seeking a license to go fishing for indicia of fraud." *Id.* (internal quotation marks and citations omitted).

## III

The court considers first whether Roubinek has stated a claim for negligence. Under Texas law, the "elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). In support of his negligence cause of action, Roubinek alleges:

> Defendant, through its failure to contact Plaintiff and provide accounting of statements and balances for the Property, has breached [its] duty under the terms of Plaintiff's loan. Plaintiff is now faced with foreclosure on his Property and substantial legal costs because of Defendant'[s] breach of duty.

Pet. ¶ 14.  SPS argues that Roubinek's negligence claim is barred by the economic loss

doctrine because the duty on which Roubinek bases his negligence claim arises under the

loan and the loss of which Roubinek complains is the subject matter of a contract between

the parties.

In *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493 (Tex. 1991), the

Supreme Court of Texas addressed "whether a cause of action for negligence is stated by an

allegation that a telephone company negligently failed to perform its contract to publish a

Yellow Pages advertisement."  *Id.* at 493.  The court concluded that because the plaintiff

"sought damages for breach of a duty created under the contract, rather than a duty imposed

by law, the claim sounded only in contract."  *Id.*  It explained:

> If the defendant's conduct—such as negligently burning down
> a house—would give rise to liability independent of the fact that
> a contract exists between the parties, the plaintiff's claim may
> also sound in tort.  Conversely, if the defendant's conduct—such
> as failing to publish an advertisement—would give rise to
> liability only because it breaches the parties' agreement, the
> plaintiff's claim ordinarily sounds only in contract.

*Id.* at 494.  *Delanney* also explained that, "[i]n determining whether the plaintiff may recover

on a tort theory, it is also instructive to examine the nature of the plaintiff's loss."  *Id.*  "When

the only loss or damage is to the subject matter of the contract, the plaintiff's action is

ordinarily on the contract."  *Id.*

Roubinek alleges that SPS breached its "duty under the terms of [Roubinek's] loan."

Pet. ¶ 14.  He asserts that SPS failed to contact him, failed to provide him with an accounting,

and failed to apply payments toward the loan.  These allegations plead a claim for breach of

a duty created by contract rather than a duty imposed by law.  In other words, SPS's duty to Roubinek arose, if at all, only from the contract.  *See Morriss v. Enron Oil & Gas Co.*, 948 S.W.2d 858, 869 (Tex. App. 1997, no writ) ("[I]f a party must prove the contents of its contract and relies on the duties created therein, the action is in substance an action on the contract.").

Additionally, the injury Roubinek allegedly suffered is the threatened loss of the property that is the subject of the loan.[2]  *See, e.g., Arlington Home, Inc. v. Peak Envtl. Consultants, Inc.*, 361 S.W.3d 773, 780 (Tex. App. 2012, pet. filed) (affirming judgment notwithstanding verdict in favor of defendants where injury suffered by plaintiff was economic loss to subject matter of contract).  Although Roubinek purports to plead a claim for negligence, he is seeking damages arising from SPS's alleged failure to perform under the terms of the loan agreement.  He has pleaded a breach of this agreement, not the tort of negligence.  The court therefore grants SPS's motion to dismiss this claim.

_____

[2]Although Roubinek avers in his affidavit and response brief that he has sustained additional damages (including mental anguish, harm to his credit history, emotional distress, anxiety, depression, humiliation, and the value of his lost time, these are not properly deemed allegations of additional damages because Roubinek failed to include them in his state-court petition.  *Sw. Bell Tel., LP v. City of Hous.*, 529 F.3d 257, 263 (5th Cir. 2008) ("[W]hen deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint."); *Coach, Inc. v. Angela's Boutique*, 2011 WL 2634776, at *2 (S.D. Tex. July 5, 2011) ("Allegations contained in a response to a motion to dismiss are not appropriately considered in a Rule 12(b)(6) motion, which evaluates the sufficiency of the complaint itself and does not consider allegations not contained in the pleadings." (citation omitted)).

IV

The court next considers Roubinek's breach of contract claim.

SPS argues that Roubinek has failed to state a plausible breach of contract claim because he has merely alleged the type of "formulaic recitations" of the elements of his causes of action that should be dismissed under *Iqbal*. *See Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The court agrees. Roubinek alleges in his state-court petition that "[i]n regard to the contract between Plaintiff and Defendant, (1) a valid contract existed, (2) Plaintiff performed or tendered performance, (3) Defendant breached the contract, and (4) Plaintiff was damaged as a result of the breach." Pet. ¶ 21. Roubinek has not pleaded, however, any supporting facts. The court cannot discern from the petition what document constituted a valid contract between Roubinek and SPS, the acts or omissions of SPS that allegedly breached the contract, or how Roubinek was damaged as a result of any breach. Roubinek's allegations are simply too conclusory to state a claim on which relief can be granted. Accordingly, the court grants SPS's motion to dismiss Roubinek's breach of contract claim.

V

Because the heightened pleading standards of Rule 9(b) apply to Roubinek's claims for common law fraud, statutory fraud, and negligent misrepresentation,[3] the court will

---

[3]*See Kougl v. Xspedius Mgmt. Co.*, 2005 WL 1421446, at *5-6 (N.D. Tex. Jun. 1, 2005) (Fitzwater, J.) (holding that where plaintiffs based their negligent misrepresentation and fraud claims on the same set of alleged facts and failed to distinguish between the two claims, negligent misrepresentation claims were subject to the heightened pleading standards

consider these claims together.

Rule 9(b) requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc*., 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks and citations omitted). To satisfy this requirement, a plaintiff must allege "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Benchmark Elecs*., 343 F.3d at 724 (internal quotation marks and citation omitted).

Roubinek's fraud-based claims, similar to his breach of contract claim, recite the elements of the causes of action, but fail to provide any particulars of the alleged fraud. For example, Roubinek includes allegations such as "[w]hen Defendant made representations about its obligations under the Note, it (1) knew the representations were false, or (2) made

---

of Rule 9(b)); *7-Eleven Inc. v. Puerto Rico-7 Inc.*, 2008 WL 4951502, at *2 (N.D. Tex. Nov. 19, 2008) (Boyle, J.) ("Rule 9(b) applies to statutory fraud cases, including those arising under Texas Business and Commerce Code section 27.01, and claims of common-law fraud." (citing cases)).

Roubinek does not challenge the application of the heightened pleading requirements of Rule 9(b) to his negligent misrepresentation claim. "[W]hen the parties have not urged a separate focus on the negligent misrepresentation claims," the Fifth Circuit has held that negligent misrepresentations claims are subject to Rule 9(b) in the same manner as are fraud claims. *See Benchmark Elecs*., 343 F.3d at 723 (evaluating negligent misrepresentation in same manner as fraud claim, in part because both were "based on the same set of alleged facts"); *see also Biliouris v. Sundance Res., Inc.*, 559 F.Supp.2d 733, 737 (N.D. Tex. 2008) (Godbey, J.) (dismissing negligent misrepresentation claim that was based on same operative facts as was insufficient fraud claim); *Kougl*, 2005 WL 1421446, at *5-6 (same).

the representations recklessly as a positive assertion, and without knowledge of [their] truth," Pet. ¶ 17, and "[d]uring the transaction Defendant did one or more of the following: (1) made a false representation of fact; (2) made a false promise; or (3) benefi[t]ed by not disclosing that a third party's representation or promise was false," *id.* at ¶ 18, and "Defendant made a representation to the Plaintiff in the course of Defendant's business or in a transaction in which the Defendant had or asserted an interest," *id.* at ¶ 20.  The court cannot discern from these allegations what SPS represented to Roubinek, why any of SPS's statements was false or fraudulent, when or where any such statement was made, or who made any such statement. It also cannot determine how Roubinek was injured by any statement that SPS made to Roubinek.  Because Roubinek has failed to plead his fraud-based claims with the required degree of specificity, the court grants SPS's motion and dismisses these three claims.[4]

## VI

The court now turns to SPS's motion to dismiss Roubinek's conversion claim.

Roubinek bases his conversion cause of action on the allegations that he owned the money that he used to make mortgage payments to SPS, that SPS "wrongfully exercised dominion or control over" this money, and that, as a result, he was damaged.  Pet. ¶ 15. Under Texas law, conversion is defined as the wrongful exercise of dominion and control over another's property, in denial of or inconsistent with his rights.  *See, e.g., Bandy v. First*

---

[4]In deciding this motion, the court declines to consider the allegations that are not found in his state-court petition. *See Sw. Bell Tel.*, 529 F.3d at 263; *Coach, Inc.*, 2011 WL 2634776, at *2.

*State Bank, Overton, Tex.*, 835 S.W.2d 609, 622 (Tex. 1992).  SPS argues that Roubinek's conversion claim, like his negligence claim, must be dismissed under the economic loss doctrine.  The court agrees.  Although phrased in terms of conversion, Roubinek is essentially alleging that SPS breached the terms of the loan agreement by failing to apply Roubinek's mortgage payments toward his loan obligations.  The only loss he appears to assert in support of this claim is the loss of the mortgage payments themselves.  This is precisely the type of economic loss that Texas courts have found is not recoverable in tort.  Accordingly, the court dismisses Roubinek's conversion claim based on the economic loss doctrine.  *See Castle Tex. Prod. Ltd. P'ship v. Long Trusts*, 134 S.W.3d 267, 275 (Tex. App. 2003, pet. denied) (applying economic loss doctrine to conversion claim); *see also Dhanani v. Giles*, 2008 WL 2210004, at *4 (Tex. App. 2008, pet. denied) (barring conversion claim where breach of contract claim and conversion claim were "based on the same factual scenario" and where the exercise of dominion over plaintiff's property was tantamount to a breach of contract); *Exxon Mobil Corp. v. Kinder Morgan Operating, L.P.*, 192 S.W.3d 120, 127-29 (Tex. App. 2006, no pet.) (barring conversion claim where the rights of the parties in regard to propane gas were governed by the contract between them, and the only loss that plaintiff complained of was of the propane).

## VII

SPS also moves to dismiss Roubinek's claim for slander of title.

"Slander of title" is defined as a false and malicious statement made in disparagement of a person's title to property that causes special damages.  *See Marrs & Smith P'ship v. D.K.*

- 11 -

*Boyd Oil & Gas Co*, 223 S.W.3d 1, 20 (Tex. App. 2005, pet. denied); *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App. 1991, writ denied).  To prove such a claim, a plaintiff must demonstrate (1) the uttering and publishing of the disparaging words, (2) that they were false, (3) that they were malicious, (4) that the plaintiff sustained special damages as a result, and (5) that the plaintiff possessed an interest in the property disparaged. *Taub v. Hous. Pipeline Co.*, 75 S.W.3d 606, 616 (Tex. App. 2002, pet. denied).  Further, the complaining party must demonstrate the loss of a specific sale. *Marrs*, 223 S.W.3d at 20; *Hill v. Heritage Res., Inc.*, 964 S.W.2d 89, 109-10, 115-16 (Tex. App. 1997, pet. denied).

Roubinek does not allege in his state-court petition that he lost a specific sale as a result of SPS's actions.  Accordingly, the court grants SPS's motion as to Roubinek's slander of title claim.[5]

## VIII

SPS moves to dismiss Roubinek's claim alleging that SPS violated Tex. Ins. Code Ann. § 549.0551.

Roubinek alleges that SPS required him to insure his home "for an amount prohibited by the Texas Insurance Code § 549.0551." Pet. ¶ 13.  Section 549.0551 prohibits a lender from requiring that, as a condition of financing a residential mortgage, a borrower purchase homeowner insurance coverage "in an amount that exceeds the replacement value of the dwelling and its contents." Tex. Ins. Code Ann. § 549.0551.  Roubinek pleads in conclusory

---

[5]For the reasons stated above, the court has not considered any allegations that are not included in Roubinek's state-court petition.

- 12 -

terms that SPS required him to insure his home for an amount prohibited under the statute, but he fails to allege either the amount of insurance that SPS required that he maintain or the fair market value of his home.[6]  Merely pleading that SPS violated the statute is insufficient to plausibly allege a claim under Tex. Ins. Code Ann. § 549.0551.  Because Roubinek omits the key facts necessary to state a claim under § 549.0551, the court dismisses this claim.

## IX

Although the court is dismissing Roubinek's claims, it will permit him to replead.  *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." (internal quotation marks and citation omitted)).  The court is unable to conclude that Roubinek cannot cure all the pleading defects that the court has identified, or that he is unwilling to do so in the face of a ruling holding that his lawsuit is subject to dismissal.  Moreover, Roubinek filed this case in state court, under the pleading standards that governed in that forum.  He should be given an opportunity to replead under the federal pleading standards.  *See, e.g., Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 849 (N.D. Tex. 2011) (Fitzwater, C.J.) (granting similar relief in removed case).  Accordingly, the court

---

[6]The inclusion of these amounts in Roubinek's affidavit filed in support of his response to SPS's motion to dismiss is insufficient to defeat SPS's motion.  *See Sw. Bell Tel.*, 529 F.3d at 263; *Coach, Inc.*, 2011 WL 2634776, at *2.

grants him 30 days from the date this memorandum opinion and order is filed to file an amended complaint.

*   *   *

For the reasons explained, the court grants SPS's December 22, 2011 motion to dismiss Roubinek's claims under Rules 12(b)(6) and 9(b), and it grants Roubinek leave to file an amended complaint within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

June 21, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE